IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION AT JACKSON

LAVADA ANNETTE STRICKLAND                                  PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:23-cv-473-HTW-LGI

TYJUANNA LABENNETT,
FRANK AVERIL STRICKLAND,
AND JOHN DOES 1-10                                              DEFENDANTS

**COMPLAINT**
**JURY TRIAL DEMANADED**

**COME NOW** Plaintiff, LaVada Strickland, by and through undersigned counsel, and files this Complaint against named Defendants above and unknown Defendants in this action, and in support thereof allege as follows:

**PARTIES**

1. Plaintiff LaVada Strickland is an adult resident citizen of the independent city of Alexandria, Virginia residing at 102 Meadows Lane, Alexandria, Virginia 22314.

2. Defendant Tyjuanna LaBennett is an adult resident citizen of North Carolina, residing at 1103 Whispering Oak Lane, Durham, North Carolina 27704.

3. Defendant Frank A. Strickland is an adult resident citizen of Atlanta, Georgia who, on information and belief, resides at 2090 North Druid Hills, Rd., Atlanta, Georgia 30329.

4. Defendants, John Does 1-10, are persons, entities, or businesses, the identities of which are currently unknown to Plaintiff, or for which Plaintiff has no actual or constructive notice of such Defendant's liability for the claims and causes of action set forth herein below. Plaintiff would therefore show unto the Court that the identities and/or liabilities of such Defendants are wholly within the control and knowledge of the named Defendants, such that

1

Plaintiff currently has no reasonable knowledge or information concerning these Defendant's identities or liabilities, after reasonable and diligent search and inquiry. Plaintiff would further state and show unto the Court that John Does 1-10 may be persons, businesses or entities, which are domiciled in the State of Mississippi and which may be responsible for the actions, reprisals, violations and retribution which has been taken against Plaintiff, as more particularly set forth below, all of which is the subject matter of this litigation. However, upon information and belief, these Defendants may likewise be liable to Plaintiff for all injuries, damages, claims, and causes of action set forth herein. Plaintiff therefore reserves the right to individually name such Defendants and join such Defendants upon discovery of the true identities and liabilities of the same.

## JURISDICTION AND VENUE

5. This Court has Diversity Jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and citizens or subjects of a foreign state and the amount in controversy exceeds the sum or value of $75,000.

6. This Court has supplemental subject-matter jurisdiction over the pendent state law claims under 28 U.S.C. §1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that the alleged acts and omissions of the Defendants occurred exclusively within the territorial limits of this judicial district and division.

## FACTS

8. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 8 of this Complaint, as if fully alleged herein.

9. Plaintiff and Defendants named herein are siblings and represent three of the five

natural children of Emma Evans Strickland and Frank K. Strickland (deceased).

10. One of the two remaining natural children of Emma Evans Strickland is and was at all relevant times, lacking the capacity to be aware of or participate in the actions complained of herein.

11. The other natural child of Emma Evans Strickland and Frank K. Strickland is deceased, having perished in an automobile accident in or about 1990.

12. Following her 95th birthday celebration on August 23, 2017, LaVada Strickland, the youngest of the five aforementioned siblings, assumed the responsibility of caring for her elderly mother after noticing signs of suspected dementia.

13. Being dutifully employed by a federal agency in Washington, D.C., and aware of the fact that her then 95-year-old mother had no responsible - immediate relatives in Mississippi, LaVada Strickland proposed, and her mother agreed in August 2017, that it would be in the best interest of Emma Evans Strickland for her to travel to the Washington, D.C. area with LaVada Strickland until more permanent arrangements for her care could be made.

14. Beginning shortly after August 2017 and continuing into the present, Defendants Tyjuanna LaBennett and Frank Averil Strickland have engaged in a protracted campaign aimed at intimidating, embarrassing, causing general harm to and defiling the good name of Plaintiff LaVada Strickland. In doing so, Defendant's Tyjuanna LaBennett and/or Frank A. Strickland have committed the following torts against said Plaintiff: willful and malicious defamation of character; intentional infliction of emotional distress; negligent infliction of emotional distress; conspiracy; assault; battery; and false imprisonment. On information and belief, said tortious campaign against Plaintiff has been organized, spearheaded and/or encouraged by Defendant Tyjuanna LaBennett. As a result of the tortious conduct perpetrated against her, Plaintiff has

3

suffered and continues to suffer physical, emotional and psychological harm, for which she seeks civil remedies in excess of the jurisdictional limits of this Court, including but not limited to appropriate punitive damages.

## DEFAMATION

15. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 15 of this Complaint, as if fully alleged herein.

16. Beginning in 2017 and as recent as April 19, 2023, Defendant LaBennett's campaign of harassment and intimidation has included multiple instances of slanderous and libelous commentary regarding Plaintiff, made by LaBennett to multiple third parties, including but not limited to: The Mississippi office of the Attorney General, the Canton, Mississippi Police Department, the Federal Bureau of Investigations; Mississippi Adult Protective Services; various other friends, family, and associates of both LaVaDa Strickland, Tyjuanna LaBennett and their mother, Emma Evans Strickland.

17. On December 21, 2022 authorities from the Canton, MS police department as well as Mississippi Adult Protective Services descended upon the home of Emma Evans Strickland, located at 320 Martin Luther King Dr., in Canton, MS. Officers from the aforementioned agencies demanded to see Emma Strickland after having received reports from Defendant LaBennett that Emma Strickland was being verbally and physically abused by LaVada Strickland; that she was being denied food, water and shelter from LaVada Strickland; that she was being financially abused by LaVada Strickland; and that she was being isolated from friends and other family members by LaVada Strickland.

18. LaBennett's December 2022 allegations of abuse toward Emma Strickland by Plaintiff were unfounded, untrue, unsubstantiated following investigations into them by

4

authorities, were slanderous against Plaintiff and caused Plaintiff reputational damage, emotional pain, psychological suffering and constitute defamation per-se, due to the criminal nature of the falsehoods.

19. LaBennett knew of the falsity of the December 2022 allegations when she made them, and/or made the allegations with a reckless disregard for the truth.

20. On April 19, 2023 Defendant LaBennett sent the following message to a third party: "*My mother is being abused by [Lavada…]. They are preventing anyone from caring for her and right now they are verbally assaulting her and denying her food and safe haven in her home…*"

21. This libelous statement by LaBennett was false, defamatory, malicious, designed to cause additional reputational damage to Plaintiff, and constitute part of LaBennett's continuing scheme and plan to inflict emotional pain and psychological suffering upon Plaintiff; and like the December 2022 allegations of a similar nature, constitute defamation per-se, due to the criminal nature of the falsehoods.

22. Between August 2017 and April 19, 2023 LaBennett made other intentionally false and defamatory allegations of criminal neglect and abuse toward Emma Strickland by Plaintiff, some of which may be precluded by the applicable statute of limitations but nonetheless help to establish the intensity and intentionality of LaBennett's campaign of falsehoods against Plaintiff, which, upon information and belief, were designed to humiliate Plaintiff and inflict emotional pain and psychological suffering upon Plaintiff.

23. Plaintiff endured and continues to endure emotional pain, psychological suffering, shame, embarrassment and reputational damage due to the false and defamatory statements made by LaBennett and complained of herein. All of the defamatory statements were intentionally false or were made with a reckless disregard for the truth.

## ASSAULT

24. Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-26, supra.

25. On or about July 23, 2022 Defendant Frank A. Strickland committed a vicious physical assault upon Plaintiff at the home of their mother, Emma Evans Strickland.

26. On or about July 20, 2022, Defendants arrived in Mississippi by vehicle. On information and belief, Defendant Frank Strickland was picked up in Atlanta, Georgia by Defendant LaBennett who was traveling through Georgia on the way to Mississippi from North Carolina.

27. Upon their unannounced and unanticipated arrival at the home of Emma Strickland, Defendants immediately took Emma Strickland, 99 years old at the time, from her home and did not return her to the home for several days. Defendant's did so without giving notice to Plaintiff, who was Emma Strickland's primary caretaker and also without taking Emma Strickland's prescribed daily medications.

28. Unable to reach Defendant's by phone to confirm the whereabouts of the Emma Strickland, Plaintiff reached out to the Canton Police Department, hereinafter "CPD" to request assistance with locating her mother.

29. On information and belief, authorities with the CPD attempted to make contact with Emma Strickland by calling Defendant LaBennett, who informed CPD that she had taken her mother to Shabuta, Mississippi.

30. Sometime between July 21 and the early morning hours of July 23, 2023 Defendants returned Emma Strickland to her home in Canton. Defendants then left the home.

31. On the morning of July 23, 2022 Plaintiff arrived at the home of Emma Strickland. Defendants were not present in the home at that time.

32. Hours after Plaintiff arrived at their mother's home, Defendant's showed back up unexpectedly.

33. Moments after they arrived, and while the three of them were inside of their mother's home, Defendant Frank Strickland perpetrated a viscous and unprovoked assault on Plaintiff, by forcefully striking Plaintiff in the face with a closed fist, by choking plaintiff and by striking Plaintiff on the top of the head with his elbow.

34. Defendant Frank beat Plaintiff in the face multiple times, causing Plaintiff to lose consciousness, and leaving her concussed.

35. The assault was so outrageous and extreme that Plaintiff suffered permanent injury to her eye, to such a degree that Plaintiff has been forced to undergo three (3) surgeries to date, in an effort to mitigate the permanent damage to her eye and vision.

36. The assault on Plaintiff by Defendant Frank Strickland has caused Plaintiff permanent impairment to her vision and has also resulted permanent scarring around the eye; and has caused visible, permanent damage to the pupil of Plaintiff's eye.

37. The actions of Defendant Frank Strickland were intentional, outrageous and to such an extreme degree that it exceeded all bounds of decency and, thus cannot be tolerated in a civilized society. Plaintiff LaVada Strickland suffered reasonably foreseeable damages as a result of the assault by Defendant Frank. Averil Strickland.

38. On or about September 21, 2022 Frank Strickland was indicted by a Madison County, Mississippi grand jury for the criminal offense of aggravated domestic assault. That criminal

charge still pending against that defendant as of the date below. A copy of that indictment is attached hereto as Exhibit A.

## BATTERY

39. Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-34, supra.

40. Prior to and while assaulting Plaintiff, Defendant Frank Strickland repeatedly told Plaintiff "bitch I'll kill you".

41. The intentional threat by Defendant, Frank Strickland against the life and wellbeing of Plaintiff LaVada Strickland, made to her while in the throes of a viscous assault, placed Plaintiff in reasonable fear of imminent bodily harm and therefore constitutes battery.

## CONSPIRACY

42. Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-36, supra.

43. Defendant Frank Strickland did not end the assault of Plaintiff on his own volition. Nor did Tyjuanna Strickland attempt to intervene in anyway. Instead, LaBennett condoned and encouraged the assault. After the police were called Defendants LaBennett and Frank conspired to evade the police by rushing from their mother's house and returning Frank to Georgia.

44. The conspiracy helped Frank evade arrest for approximately eleven (11) months, until his eventual capture by authorities in Georgia on or about June 19, 2023.

45. The conspiracy between the two defendants caused Plaintiff additional emotional pain, mental distress, and psychological suffering, and deprived Plaintiff of her right to seek criminal accountability from Frank Strickland for eleven (11) months.

46. LaBennett was indicted by a Madison County, MS grand jury on or about September 21, 2022 for the felony criminal offense of Accessory After the Fact to Aggravated Domestic Violence. On information and belief, that charge is still pending against LaBennett as of the date below. A copy of the indictment is attached hereto as Exhibit A.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-42, supra.

48. The actions and/or inactions of Defendants, and the unnamed parties during the times and on the dates noted herein, were calculated, reckless, intentional, outrageous and to such an extreme degree that they exceed all bounds of decency.

49. Plaintiff LaVada Strickland suffered reasonably foreseeable damages, including but not limited to infliction of emotional and psychological distress as a result of Defendants intentional conduct, and she should be compensated for this tort in excess of the jurisdictional limits of this Court.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 44 of this Complaint, as if fully alleged herein.

51. The negligent actions and/or inactions of Defendants Tyjuanna LaBennett and Frank Averil Strickland caused and continue to cause LaVada Strickland reasonably foreseeable and substantial mental anguish. As a result, LaVada Strickland should be compensated for negligent infliction of emotional distress in excess of the jurisdictional limits of this Court.

## FALSE IMPRISONMENT

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint, as if fully alleged herein.

53. While assaulting Plaintiff with one fist on July 23, 2022, Defendant Frank Strickland knowingly, intentionally and without necessity or authority, restrained Plaintiff by using his other hand to choke Plaintiff, restrict her movement and hold Plaintiff in place while landing closed fist blows to her face.

54. This unlawful restraint constitutes False Imprisonment, and has caused Plaintiff a great deal of physical harm, emotional pain and psychological suffering, the effects of which Plaintiff still suffers with as of the date below.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff LaVada Strickland, prays that upon the filing of this Complaint that this Honorable Court will set this matter for a full and complete trial by jury on the merits and upon completion of the same, enter a judgement granting the following relief:

a. enter a judgment in favor if the Plaintiff and against all Defendants, jointly and severally, for the actual or compensatory damages sustained by the Plaintiff as a result of the conduct complained of herein and any other injury claims that may be discovered during the course of this cause which the law holds the Defendants liable and responsible in an amount to be determined by a jury, but not less than $1,500,000.00;

b. enter a judgement in favor of the Plaintiff and against the Defendants, and OTHER UNKNOWN JOHN and JANE DOES 1-5, Individually, jointly, and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that

resulted in gross or reckless indifference to the welfare, safety, rights, privileges, and/or immunities of the Plaintiff, in an amount to be determined by a jury, but not less than $1,500,000.00;

  c.  enter a judgement in favor of the Plaintiff and against Defendants, jointly and severally, for damages arising from the physical and mental injuries suffered by Plaintiff;

  d.  enter a judgement in favor of the Plaintiff and against Defendants, jointly and severally, for damages arising from the tort of defamation;

  e.  enter a judgement in favor of the Plaintiff and against Defendants, jointly and severally, for damages arising from the tort of assault;

  f.  enter a judgement in favor of the Plaintiff and against Defendants, jointly and severally, for damages arising from the tort of battery;

  g.  enter a judgement in favor of the Plaintiff and against Defendants, jointly and severally, for damages arising from the tort of intentional infliction of emotional distress;

  h.  enter a judgement in favor of the Plaintiff and against Defendants, jointly and severally, for damages arising from the tort of negligent infliction of emotional distress;

  i.  enter a judgement in favor of the Plaintiff and against Defendants, jointly and severally, for damages arising from the tort of conspiracy;

  j.  enter a judgement in favor of the Plaintiff and against Defendant, jointly and severally, for damages arising from the tort of false imprisonment.

  Respectfully submitted, this the 21st day of July, 2023.

              **LAVADA STRICKLAND,** PLAINTIFF

           BY: */s/ Lawrence Blackmon*
              LAWRENCE BLACKMON, MSB #105664

THE BLACKMON FIRM, PLLC
907 West Peace Street, Suite A
Canton, Mississippi 39046
Telephone: (601) 942-3621
Facsimile:  (601) 859-2311
Email: lb@lawblackmon.com